UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID CONNELLY | CIVIL ACTION |
| VERSUS | NO: 10-1665 |
| TRICO MARINE OPERATORS, INC., ET AL. | SECTION: "A" (2) |

## ORDER AND REASONS

### I. INTRODUCTION

Before the Court is a **Motion to Remand (Rec. Doc. 57)** filed by Plaintiff David Connelly. Defendant Schlumberger Technology Corp. ("Schlumberger") opposes the motion **(Rec. Doc. 59)**. The motion, set for hearing on May 9, 2012, is before the Court on the briefs without oral argument. For the following reasons, Plaintiff's motion to remand is **GRANTED.**

### II. BACKGROUND

The instant case arises out of an alleged accident which occurred on or about December 17, 2007 aboard the vessel M/V STONES RIVER. Plaintiff David Connelly was employed as a seaman aboard that vessel, which was owned and operated by Defendant Trico Marine Operators, Inc. Plaintiff claims that he was severely injured during the course of performing his job duties as a result of the negligence of the defendants and/or the unseaworthiness of the vessel. Plaintiff alleges that Defendants are liable to him under the Jones Act, 46 U.S.C. Appx. § 688 (now 46 U.S.C. § 301040), pursuant to the general maritime law of the United States of America, and under the law and statutes of the state of Louisiana, including but not limited to C.C. Arts. 2315 *et seq.* He seeks damages for his alleged injuries as well as maintenance and cure benefits, attorney's fees, and punitive damages

for Defendants' alleged failure to timely pay maintenance and cure benefits.

Plaintiff's first complaint was filed in Civil District Court for the Parish of Orleans on May 12, 2010, and included as defendants Trico Marine Operators, Inc., Trico Marine Assets, Inc., and Schlumberger. Defendant Schlumberger subsequently filed a Notice of Removal on June 7, 2010 under 28 U.S.C. § 1332, on the grounds that the action exceeds the minimum amount in controversy required and that the action involves completely diverse parties: the plaintiff, a Louisiana domiciliary; Schlumberger, a Texas corporation; Trico Marine Operators, Inc., a Texas corporation; and Trico Marine Assets, Inc., a Texas corporation.[1] Defendant Schlumberger further asserts that the Court has original admiralty jurisdiction over this matter under 28 U.S.C. § 1333, since this action arises out of an admiralty and maritime claim for damages under general maritime law.

In its Notice of Removal, Defendant Schlumberger cites the Fifth Circuit's long standing doctrine that Jones Act cases may be removed when claims are fraudulently joined to preclude removal; Defendant argues that this Jones Act case may be removed because Plaintiff falsely alleged in his original Petition for Damages that he was a Jones Act seaman as to Schlumberger and that he was thus entitled to bring the instant suit in state court pursuant to the Savings to Suitors Clause, 28 U.S.C. § 1333.

In the instant Motion to Remand, Plaintiff asserts that this matter has been improvidently removed under the provisions of 28 U.S.C. § 1445(a), which prohibits the removal of Jones Act claims. Plaintiff argues that Defendant Schlumberger cannot carry its heavy burden of demonstrating that the Jones Act claim was fraudulently joined, and seeks remand to state court. Plaintiff further

---

[1] Plaintiff disputes Defendant Schlumberger's assertion that the parties are completely diverse, alleging that Trico Marine Operators, Inc. is in fact a Louisiana corporation. As the Court has based its decision to remand on other factors, the Court finds that it is not necessary to reach the question of whether the parties are completely diverse.

argues that this Court does not have jurisdiction based on diversity, as there is not complete diversity of citizenship between the parties.[2]

### III. LEGAL STANDARD

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and that recognition that federal courts are counts of limited jurisdiction, that removal statutes should be strictly construed. See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

Jones Act claims are generally not removable because 46 U.S.C. § 688 incorporates the general provisions of the Federal Employers' Liability Act, including 28 U.S.C. § 1445(a), which bars removal. Burchett v. Cargill, Inc., 48 F.3d 173, 175 (5th Cir. 1995); see also Lackey v. Atlantic Richfield Co., 990 F.2d 202, 207 (5th Cir. 1993). This rule does not apply, however, where a plaintiff's assertion of seaman status clearly lacks merit. Patterson v. Hercules Offshore Corp., 1998 WL 37525 (E.D.La. 1998). While federal courts ordinarily look only to the plaintiffs' pleadings in determining whether a Jones Act claim has been stated, defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal. Id. The fact that Jones Act claims are ordinarily not removable does not prevent this inquiry. Id. This right to pierce the pleadings, however, exists in tension with the Jones Act plaintiff's right to choose a state court forum. Defendants may abuse the assertion of fraud in the hope of achieving a federal adjudication of the

---

[2] See footnote 1, *supra*.

merits of a disputable Jones Act claim. For that reason, "the mere assertion of fraud is not sufficient to warrant removing the case to federal court." Id.

Jones Act defendants can defeat remand by showing that claims against non-diverse defendants are " 'baseless in law" ' and " 'serve[ ] only to frustrate federal jurisdiction." ' Lackey, 990 F.2d at 207 (quoting Dodd v. Fawcett Publ'ns, Inc., 239 F.2d 82, 85 (10th Cir. 1964)). Here, the Notice of Removal asserts that the parties are diverse; even assuming, *arguendo*, complete diversity, however, the remand analysis is the same as in cases lacking complete diversity. Cf. Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 434, 455, 121 S.Ct. 993, 1004, 148 L.Ed.2d 931 (2001) (Jones Act claim not subject to removal to federal court even in the event of diversity of the parties).

Thus, Defendants' burden of persuasion is heavy; they must show that there is no possibility that Plaintiff would be able to establish a cause of action. See id. Summary proceedings may be used to determine whether the claims are fraudulently made. See Fields v. Pool Offshore, Inc., 182 F.3d 353, 356 (5th Cir. 1999). Remand is appropriate unless, all disputed questions of fact and ambiguities in the law having been resolved in the plaintiff's favor, there is no reasonable basis for predicting that the plaintiff might establish Jones Act liability. See id.; Lackey, *supra*.

**IV.     ANALYSIS**

**A.     Schlumberger as Defendant**

The Jones Act, 46 U.S.C. § 688, provides a cause of action against a plaintiff's employer grounded upon negligence. Becker v. Tidewater, Inc., 335 F.3d 376, 386 (5th Cir. 2003). To maintain a cause of action under the Jones Act, the plaintiff must be a "seaman." Hufnagel, 182 F.2d at 346. Here, there is no dispute as to whether Plaintiff qualifies as a seaman with respect to Defendant Trico Marine Operators, Inc., his employer. Defendant Schlumberger based its removal on the argument that it was fraudulently joined in Plaintiff's state court suit because Plaintiff "is not a

4

Jones Act seaman *as to Schlumberger*." (emphasis added)

In Lackey v. Atlantic Richfield Company, 990 F.2d 202, 206 (5th Cir. 1993), the court addressed fraudulent joinder of a Jones Act defendant:

> [D]efendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal. The fact that Jones Act claims are ordinarily not removable does not prevent this inquiry. Lawsuits in which non-diverse defendants have been joined are ordinarily non-removable as well. Nonetheless defendants are permitted to demonstrate that parties—or claims—are baseless in law and fact and serve only to frustrate federal jurisdiction.

To prevail, therefore, Defendant Schlumberger must prove that Plaintiff's allegations were fraudulently made and that, as a matter of law, there is no reasonable basis for predicting that Plaintiff might establish a cause of action. See Laughlin v. Prudential Ins. Co., 882 F. 2d 187, 190 (5th Cir. 1989)("The court may find fraudulent joinder only if it concludes that the plaintiff has no possibility of establishing a valid cause of action against the in-state defendant."); see also Compass v. Absolute Coatings, Inc., 1997 WL 795679 (E.D.La., Dec. 24, 1997)(rejecting defendants' argument that plaintiff fraudulently joined a Jones Act employer in order to defeat removal jurisdiction). Defendants have failed to meet their heavy burden.

Defendant Schlumberger attempts to demonstrate fraudulent joinder by recounting discussions among counsel in which Plaintiff's counsel allegedly agreed to amend his Petition to remove allegations under the Jones Act and for unseaworthiness against Schlumberger. Defendant also presents an e-mail authored by Plaintiff's counsel in which Plaintiff's counsel declines to file an amended complaint dismissing claims against Schlumberger until after this Court's decision on the pending Motion to Remand **(Rec. Doc. 59-1)**.

While Defendant contends that the above establishes Plaintiff's "intent to manipulate his pleadings in a dire effort to try to defeat removal of these proceedings to the Court," the Court is not persuaded that Plaintiff's purpose in naming Schlumberger was an attempt to prevent removal.

Rather, it appears from the documents before the court that Plaintiff's original naming of Schlumberger as a defendant was an attempt to name Plaintiff's employer for purposes of his Jones Act claim.

Plaintiff later amended the pleadings to reflect that Defendant Trico Marine Operators, Inc. was, in fact, his Jones Act employer; however, Plaintiff maintains that he has potential claims against Schlumberger for unseaworthiness under general maritime law, and that these claims are linked to and dependent upon Plaintiff's claims against Trico under the Jones Act. As only "separate and independent claims" arising under 28 U.S.C. § 1331 and joined with otherwise non-removable claims may be removed under 28 U.S.C. § 1441, Plaintiff argues that Defendant Schlumberger does not have the ability to effect removal of the instant claims brought against it by Plaintiff. See 28 U.S.C. § 1441(c).

The Court agrees with Plaintiff's assessment and finds that the instant case was improperly removed to federal court. Considering defendant's high burden to prove that the allegations of the complaint were fraudulently made, and that on a motion to remand the court must resolve all disputed questions of fact from the pleadings in favor of the plaintiff, the defendant has failed to demonstrate that the Jones Act claim against Defendant Schlumberger was included in the state court petition in order to prevent removal. Plaintiff will not be deprived of his choice of the state court forum.

### B. Timeliness

Procedures after removal are generally set forth in 28 U.S.C. § 1447. § 1447(c) provides in relevant part as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

Thus, if a plaintiff finds fault with a procedural element in removal he has only 30 days in which to

move for remand.  But if he asserts that the federal court lacks subject matter jurisdiction he may move to remand at any time before final judgment.  <u>Williams v. AC Spark Plugs Div. of General Motors Corp.</u>, 985 F.2d 783, 786 (5th Cir. 1993).

The Court is not persuaded by Defendant Schlumberger's argument that the instant motion to remand is untimely.  Plaintiff's initial motion to remand was filed two days after the Notice of Removal, well within the 30-day deadline set forth in 28 U.S.C. § 1447, and was not withdrawn or dismissed upon the staying of this action.  The Court considers that first motion still pending for purposes of timeliness; the second motion is merely an updated version reflecting the current state of the pleadings.  The Court will not dismiss this valid motion to remand based on untimeliness.

### C. Waiver of the Right to Remand

Defendant Schlumberger further contends that Plaintiff has waived his right to seek remand by participating in the conduct of this litigation since the lift of the bankruptcy stay in December, 2011.  The Fifth Circuit has held that "in certain circumstances a party may waive his right to have a case remanded even after a wrongful removal." <u>Johnson v. Odeco Oil and Gas Co.</u>, 864 F.2d 40, 42 (5th Cir. 1989).  If a plaintiff "fails to object promptly to removal and 'participates in the conduct of that action,' then it is within the district court's discretion to determine whether the plaintiff's conduct amounts to a waiver of the right to remand." <u>Id</u>.  (quoting <u>Lirette v. N.L. Sperry Sun, Inc</u>., 820 F.2d 116, 118 (5th Cir. 1987)); see <u>In re Moore</u>, 209 U.S. 490, 495, 28 S.Ct. 585, 587, 52 L.Ed. 904 (1908)(holding that plaintiff consented to federal jurisdiction by failing to file a motion to remand, amending the petition and stipulating to extensions of time for defendant to answer and continuance of trial); <u>Harris v. Hyman Co.</u>, 664 F.2d 943, 944 (5th Cir. 1981)(holding that by failing to object to removal and proceeding with discovery, plaintiff waived right to seek remand on basis of procedural irregularity).

The Court does not agree with Defendant's assertion that Plaintiff has waived his right to remand by participating in the proceedings in federal court.  Plaintiff has requested a status conference subsequent to the lifting of the stay, has attended two status conferences based on the Court' s orders, has filed amended complaints, and has cooperated with the Defendants in scheduling a deposition.  However, Plaintiff objected to removal promptly, a mere two days after the Notice of Removal was filed, and has strenuously objected to Defendant's removal of this action throughout these proceedings; in a previous correspondence with Defendant Schlumberger, Plaintiff's counsel specifically stated that he was reluctant to file a First Amended Complaint based in part on concerns that it could be considered "unduly participating in the removal forum and possibly jeopardizing the right to remand."  The Court therefore finds that Plaintiff's minimal participation since the lifting of the stay does not rise to the level of waiver of the right to remand.

V. **CONCLUSION**

The Court finds that Defendant Schlumberger cannot meet the heavy burden of demonstrating that Plaintiff Connelly's claims served only to frustrate federal jurisdiction.

Accordingly;

**IT IS HEREBY ORDERED** that the Plaintiff's **Motion to Remand (Rec. Doc. 57)** is **GRANTED**.

This 22nd day of May, 2012.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE